DISTRICT OF OREGON
**F I L E D**
**July 24, 2008**
**Clerk, U.S. Bankruptcy Court**

**Below is an Opinion of the Court.**

RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case |
| | ) No. 04-37320-rld13 |
| Donald Brian Dolph, | ) |
| Debtor. | ) |
| | ) |
| Jim J. Schacher, | ) Adv. Proc. No. 07-03326-rld |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) (Motion for Reconsideration) |
| | ) |
| Donald Brian Dolph, | ) |
| Defendant. | ) |

On June 11, 2008, I entered a memorandum opinion ("Opinion") in this adversary proceeding through which I determined, based on the evidence presented at the trial ("Trial") held June 4, 2008, that imposition of a constructive trust on the residence of Defendant, Donald Dolph ("Mr. Dolph"), in the amount of $1,840.07 was appropriate. The facts of the dispute are set out in detail in the Opinion.

Page 1 - MEMORANDUM OPINION (Motion for Reconsideration)

Prior to entry of the judgment in the adversary proceeding, Plaintiff, Jim Schacher ("Mr. Schacher"), filed a motion ("Motion") for reconsideration, which appears to relate only to my determination of the amount of the constructive trust based upon distributions Mr. Dolph received from his mother, Patricia Schacher, and her estate. On June 19, 2008, I entered a briefing schedule for the Motion. Following the filing of Plaintiff's reply brief ("Reply"), I took the matter under submission.

This Memorandum Opinion constitutes my findings of fact and conclusions of law, which I make pursuant to Fed. R. Civ. P. 52(a), applicable in this adversary proceeding pursuant to Fed. R. Bankr. P. 7052. I have jurisdiction to enter a final judgment in the adversary proceeding pursuant to 28 U.S.C. §§ 1334, 157(a), 157(b)(1), and 157(b)(2)(B) and (O).

### DISCUSSION

A. <u>Standards for Deciding a Motion for Reconsideration</u>

The Motion asks that I reconsider my decision, as set forth in the Opinion. The standards I must apply in determining whether it is appropriate to grant the Motion are the following:

Because the Motion was brought within the 10-day period to appeal from the Opinion, it is "analogous to a motion for new trial or to alter or amend the judgment pursuant to FRCP 59 as incorporated by Rule 9023." <u>United Student Funds, Inc. v. Wylie (In re Wylie)</u>, 349 B.R. 204, 209 (9th Cir. BAP 2006).

FRCP 59(a)(2) provides the grounds for granting a new trial:

Page 2 - MEMORANDUM OPINION (Motion for Reconsideration)

> A new trial may be granted to all or any of the parties and on all or part of the issues . . . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States . . . .

The Ninth Circuit has held that "[t]here are three grounds for granting new trials in court-tried actions under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." Brown v. Wright, 588 F.2d 708, 710 (9th Cir. 1978). See also Ankeny v. Meyer (In re Ankeny), 184 B.R. 64, 73 (9th Cir. BAP 1995).

Mr. Schacher asserts that he has filed the Motion "to make one final attempt [to] try to get to a logical and fair decision that will both withstand review and put an end to the conflict so no more unnecessary costs will incur in an appeal process by Plaintiff." Mr. Schacher does not articulate whether he considers the Opinion to contain errors of law, errors of fact, or both. Further, he addresses neither the legal standards which entitle him to relief from the Opinion, nor how those standards are met by his Motion. Both the Motion and Mr. Schacher's Reply appear to be nothing more than additional argument with respect to the proper calculation of damages. Nevertheless, I have parsed the text of Mr. Schacher's pleadings in an effort to determine whether his argument meets the standards which would entitle Mr. Schacher to relief from the determinations made in the Opinion.

B.  <u>The Motion Establishes No Basis for Relief From the Opinion</u>

As noted above, under Ninth Circuit standards, in order to grant Mr. Schacher relief from the findings included in the Opinion, I

Page 3 - MEMORANDUM OPINION (Motion for Reconsideration)

must find that the Opinion is based on either a manifest error of law or a manifest error of fact. Alternatively, I must find that Mr. Schacher has newly discovered evidence which he should be allowed to present. I address this alternative first.

### 1. No new evidence has been offered

At the conclusion of the presentation of testimony at the Trial, I closed the evidentiary record. At the scheduling hearing I conducted with respect to the Motion, I reminded Mr. Schacher's counsel that the record had been closed. Fed. R. Civ. P. 59 allows a party to request that the evidentiary record be reopened. If such a request were made, under Ninth Circuit standards I would need to evaluate whether any additional evidence offered is "new" evidence that was not available at the time of Trial. Mr. Schacher has not made any such request. Consequently, "newly discovered evidence" does not provide a basis for granting the Motion.

### 2. No "manifest error" of law or fact has been established

Immediately prior to the commencement of Trial, I recited on the record a series of tentative rulings based upon my review of the parties' submissions. In my tentative rulings, I stated not only my tentative conclusion of law that interest could not be imposed in favor of Mr. Schacher until the date a constructive trust was judicially imposed, I also gave the parties the benefit of my proposed calculation of the amount of the constructive trust I believed it would be appropriate to impose if the evidence presented did not change. With full knowledge of my tentative damages analysis, Mr. Schacher produced no evidence of damages to suggest that my proposed calculation was not

Page 4 -   MEMORANDUM OPINION (Motion for Reconsideration)

Case 07-03326-rld    Doc 36    Filed 07/24/08

correct.  Instead, Mr. Schacher testified, and his counsel emphasized at argument, that the amount of the Patricia Schacher probate estate ("Probate Estate") cannot be ascertained until complete recoveries have been made from Mr. Dolph and hisسisters.  As noted above, after the presentation of evidence at the Trial, but before closing arguments commenced, I closed the evidentiary record.  The Opinion is consistent with my tentative rulings.

     In the Motion, Mr. Schacher objects to my finding of the amount of the constructive trust I imposed.  Mr. Schacher does not argue any manifest error of law.  However, there are two components to my calculations to which Mr. Schacher objects.  First, Mr. Schacher contends that the amount Mr. Dolph received is not properly determined where I did not factor in the cost to the Probate Estate inherent in the delay in recovering the funds wrongfully received by Mr. Dolph.  Second, Mr. Schacher contends it is improper to credit Mr. Dolph for his legitimate share of the Probate Estate, either because that share cannot be determined at this time or, alternatively, because Mr. Dolph has waived that share through his confirmed chapter 13 plan.

     I address first Mr. Schacher's contention that I incorrectly calculated the amount Mr. Dolph received as a result of improper distributions from his mother and her estate.  Mr. Schacher asserts my calculated amount, $50,591.71,[1] is a minimal calculation of Mr. Dolph's

---

[1] The parties agreed at trial that Mr. Dolph received $75,111.70 total, from which Mr. Dolph is entitled to deduct $10,000 as a credit for the Series EE bond in his name that was recovered by the Probate Estate and $14,519.99 as a credit for Mr. Dolph's chapter 13 plan payments ("the (continued...)

Page 5 - MEMORANDUM OPINION (Motion for Reconsideration)

unjust enrichment.  However, Mr. Schacher contends, this amount is insufficient because it does not return the Probate Estate to the position it would have been in had the transfers to Mr. Dolph not been made.  Since the Probate Estate is not entitled to prejudgment interest, a point Mr. Schacher appears to concede, Mr. Schacher proposes that the $19,000 which Mr. Dolph used to make the down payment on his home be deducted from the $50,591.71, and in its place, the Probate Estate should receive $58,495.00, which represents all of the equity which had accrued in the home as of the petition date.  Mr. Schacher thus asserts that a lien in the amount of $89,786.71 should be imposed upon Mr. Dolph's home, calculated as follows:

| | |
|---|---|
| $50,291.71 | net amount received by Mr. Dolph reflecting the Credits and an additional credit of $300 representing expenses Mr. Dolph incurred in moving his mother prior to her death |
| -$19,000.00 | portion of the $50,291.71 Mr. Dolph used in making the down payment on his home |
| $31,291.71 | |
| +$58,495.00 | equity in Mr. Dolph's home as of the petition date |
| $89,786.71 | |

In his response to the Motion, Mr. Dolph points out that this proposed calculation is not proper, because it stems from an improper premise.  Specifically, the determination the court is to make is not the amount it would take to make the Probate Estate "whole again as much as possible."  Instead, the court is required to determine the amount by which Mr. Dolph was unjustly enriched, and the amount of any constructive

---

[1](...continued)
Credits").  The $50,591.71 amount is calculated by deducting the Credits from the $75,111.70 actually received by Mr. Dolph.

Page 6 -  MEMORANDUM OPINION (Motion for Reconsideration)

trust is further limited to the amount of money directly traceable from inappropriate distributions by Patricia Schacher to Mr. Dolph, to Mr. Dolph's home. Mr. Dolph asserts that of the $19,000 he received from Patricia in 1995, only $16,269 was used for the purchase of his home: $11,000 as the down payment and $5,269 for closing costs and other fees. Mr. Dolph contends that the equity arose not only from his down payment, but also from $19,600 in additional money he invested into the home in the form of repairs and upgrades, and from thirteen years of mortgage payments he has made. Subtracting out these amounts, estimated to total $29,600, Mr. Dolph contends there is only $28,895 equity that could be attributable to the down payment. Further, because the down payment represented only 10.38% of the value of the home at the time of its purchase, any share in the equity that could be asserted by the Probate Estate could not exceed $2,999.30 (10.38% of $28,895).

As set forth in the Opinion, "[b]ecause it is a remedy, a constructive trust cannot affect rights in the res until it is imposed." Taylor Assoc. v. Diamant (In re Advent Management Corp.), 178 B.R. 480, 488 (9th Cir. BAP 1995). For this reason, it is no more appropriate to include in the constructive trust amount a component for appreciation of the real property, than it is to include prepetition interest. Accordingly, I am not persuaded that the finding of the net amount received by Mr. Dolph as stated in the Opinion, i.e., $50,591.71, is clearly erroneous.

Next, I address Mr. Schacher's contention in his Reply that the constructive trust lien should be in the full amount received by Mr. Dolph, less the Credits, without factoring in any offset for Mr. Dolph's

Page 7 - MEMORANDUM OPINION (Motion for Reconsideration)

legitimate share of the Probate Estate. In making this argument, Mr. Schacher relies on the following provision of Mr. Dolph's confirmed chapter 13 plan:

> 12. The debtor shall abandon any further claim to a distribution from the Estate of Patricia Schacher, and shall use his best efforts to assist the personal representative of the Estate to close the Estate.

I do not agree that this provision precludes Mr. Dolph from asserting, as an offset for purposes of calculating the amount by which he was unjustly enriched, his legitimate share of the Probate Estate. Instead, the provision constitutes a waiver by Mr. Dolph of the right to receive any additional distribution he otherwise might be entitled to receive from the Probate Estate and was included, at my insistence, as a means to facilitate distributions from the Probate Estate for the benefit of the other siblings and step-siblings.

Finally, in the Motion, Mr. Schacher objects to the use of a "hypothetical probate asset value" in determining the amount of the credit to be applied against the amount Mr. Dolph actually received. The difficulty for Mr. Schacher in this approach is that I cannot impose a constructive trust in any amount that exceeds the extent to which Mr. Dolph has been _unjustly_ enriched. In order to calculate the amount Mr. Dolph was unjustly enriched, I am required to subtract the amount Mr. Dolph was entitled to receive from the Probate Estate from the amount he actually received.

As I stated in the Opinion, the only evidence presented at Trial as to Mr. Dolph's legitimate share of the Probate Estate was set forth in Mr. Schacher's proof of claim. This evidence, submitted by Mr.

Page 8 - MEMORANDUM OPINION (Motion for Reconsideration)

Schacher, of the value of the Probate Estate may or may not reflect current reality. Having served for five years as the Personal Representative of the Probate Estate, it certainly was within Mr. Schacher's power at the time of Trial to provide evidence either of the current value of the Probate Estate, or a supported estimate of his opinion of the amount he believed would be available for distribution from the Probate Estate. Instead, Mr. Schacher asserted at Trial and continues to assert in the Motion that the Probate Estate value is not ascertainable until the Probate Estate is closed and ready for distribution. If that determination must wait until Mr. Dolph's sisters "pay up," as suggested by Mr. Schacher in his Reply, the Probate Estate value may not be ascertainable during the remaining lives of the parties before me.

The burden of proof on this issue was on Mr. Schacher. In making my calculation of unjust enrichment I used the only evidence Mr. Schacher offered on the subject. To the extent Mr. Schacher contends that the amount of the constructive trust should have been greater based on a diminished value of the Probate Estate, I find there was a failure of proof. As a bottom line matter, I find that I did not clearly err in determining the amount of the constructive trust to impose on Mr. Dolph's residence as a matter of equity.

## CONCLUSION

A motion for reconsideration is not an opportunity to retry a matter previously decided. It provides an opportunity to correct "manifest error" or to present "newly discovered" evidence. Mr. Schacher

Page 9 - MEMORANDUM OPINION (Motion for Reconsideration)

has failed to carry his burden that the calculation of the amount of the constructive trust resulted from manifest error of law or fact. I therefore deny the Motion. A separate form of order will be entered.

###

cc:	Richard J. Parker
	Brian Wheeler
	Brian D. Lynch, Trustee
	U.S. Trustee